IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDELL MOORE, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 23-1900 |
| | : | |
| v. | : | |
| | : | |
| KYLE RUSSELL, ROBERT MCFADDN, | : | |
| STEVE MILLER, COUNSELOR JOSE, | : | |
| MERVEILLE MVINDU, and DAKOTA | : | |
| MARTIN, | : | |
| | : | |
| Defendants. | : | |

**<u>MEMORANDUM OPINION</u>**

Smith, J.                                                                                                                                              August 7, 2023

Lindell Moore, who was formerly a detainee at Lehigh County Prison ("LCP"), filed a Complaint on May 17, 2023 raising civil rights claims. Named as Defendants are LCP employees Warden Kyle Russell, Deputy Warden Robert McFadden, Director of Treatment Steve Miller, and Counselor Jose (collectively "the LCP Defendants"), as well as Allentown Police Officers Merveille Mvindu and Dakota Martin. Moore also seeks leave to proceed *in forma pauperis*. For the following reasons, the request to proceed *in forma pauperis* will be granted and the case dismissed.

**I.     FACTUAL ALLEGATIONS**[1]

Moore alleged that on January 31, 2023, Defendant Mvindu secured a warrant to arrest him for violating a protection from abuse order. (Compl. at 4.) Defendant Martin allegedly secured the same type of warrant on February 1, 2023. (*Id.*) In March 2023, a non-defendant officer named

---

[1] The facts set forth in this Memorandum are taken from Moore's Complaint (ECF No. 2), and publicly available records. The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

Michael Torres came to 424 W. Tilghman St. in Allentown to arrest Moore on the warrant, but was unsuccessful.  (*Id*.)  Moore was eventually arrested when he attended a trial at the Lehigh County Courthouse and was sent to LCP and processed.  (*Id*.)

On May 8, 2023, Moore sent a request to Defendant Counselor Jose to tell him that he was being held illegally in LCP.  Jose responded with information, but the "information had negative affect [sic]."  (*Id*.)  The next day, Moore sent a communication to Defendant Miller, but Miller did not respond to him.  On May 10, 2023, Moore's wife allegedly delivered documents to Counselor Jose proving Moore was innocent "which fell on deaf ears."  (*Id*.)  Moore asserts he was released from LCP the next day, May 11, 2023, following the dismissal of the charge against him.  (*Id*.)  Moore seeks money damages on his claims.  (*Id*. at 5.)

Moore separately filed three Exhibits that the Court will construe as part of his Complaint.  The first is a copy of the first page of the arrest warrant obtained by Defendant Mvindu.  (ECF No. 6 at 1.)  The second is a copy of the first page of the arrest warrant obtained by Defendant Martin.  (*Id*. at 2.)  The third Exhibit is Moore's "request to staff" at LCP stating that Moore is being illegally detained.  In that request, Moore claims that his custody is illegal because he was arrested for violating a protection from abuse order involving his child even though the child was not a party to the protection from abuse order.  (*Id*. at 3.)  The unsigned response to the request states "You are being held on two counts of PFA violations.  I have attached a copy of each violation along w/ a copy of the Court order.  The PFA does not expire until 8/21/25.  There are two minors listed on the PFA order.  Their initials are (T.M) & (P.M)."  (*Id*.)

## II.   STANDARD OF REVIEW

The Court will grant Moore leave to proceed *in forma pauperis*.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  The

Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Moore is proceeding *pro se*, the Court construes the allegations of the Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F. 3d at 245).

### III.  DISCUSSION

Moore is asserting constitutional claims for money damages. The vehicle by which constitutional claims may be asserted in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)). *See Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the

3

Constitution"). "Although a court can infer that a defendant had contemporaneous knowledge of wrongful conduct from the circumstances surrounding a case, the knowledge must be actual, not constructive." *Chavarriaga v. New Jersey Dept. of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (citing *Baker v. Monroe Twp.*, 50 F.3d 1186, 1194 (3d Cir. 1995); *Rode*, 845 F.2d at 1201 n.6).

### A. The LCP Defendants

Moore has named LCP Warden Russell, Deputy Warden Robert McFadden, Director of Treatment Steve Miller, and Counselor Jose. He states no factual allegations concerning Warden Russell and Deputy Warden McFadden. He alleges that Miller ignored a communication and Counselor Jose provided him with information that had a negative effect. The day after Moore's wife allegedly delivered documents to Counselor Jose, Moore was released from LCP when the charge against him was allegedly dismissed. None of these allegations state plausible civil rights claims against the LCP Defendants.

Miller's allegedly ignoring Moore's request to staff fails to state a plausible § 1983 claim because "[p]rison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (*per curiam*); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (*per curiam*); *Woodside-Fisher v. Pulley*, No. 14-1244, 2015 WL 631106, at *6 (W.D. Okla. Feb. 12, 2015) (denial of a "request to staff" treated as attempt to state claim based on denial of grievance). Accordingly, the facts alleged by Moore about Miller do not give rise to a plausible basis for a constitutional claim and will be dismissed with prejudice. *See also Woods v. First Corr. Med. Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011) (*per curiam*) ("[B]ecause a prisoner has no free-standing constitutional right to an effective grievance process, [a prisoner] cannot maintain a constitutional claim . . . based upon his perception that [the

defendant] ignored and/or failed to properly investigate his grievances." (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991))).

The allegation that Counselor Jose provided him with information that had a negative effect also fails to allege a plausible claim. Moore asserts the day after his wife allegedly delivered documents to Counselor Jose, Moore was released from LCP when the charge against him was dismissed. Nothing in these allegations create a plausible constitutional claim since Moore fails to allege any facts indicating that Counselor Jose was personally responsible for Moore being illegally detained at LCP. Finally, since Moore states no facts concerning how Warden Russell and Deputy Warden McFadden were personally involved in Moore's allegedly being illegally detained at LCP, the claims against them are also not plausible.

### B. Officers Mvindu and Martin

Moore has also named Officers Mvindu and Martin alleging that they obtained arrest warrants. However, Moore does not explain how their actions in obtaining the warrants violated his constitutional rights. He does not allege, for example, that the warrants they obtained were invalid, or that either Defendant made false statements or omitted exculpatory information in application for the arrest warrants. Rather, Moore merely seems to assert that Mvindu and Martin obtained warrants for a crime he did not commit because his child's name was not listed in the protection from abuse order and, therefore, his Fourth Amendment rights were violated. However, "[t]he proper inquiry in a section 1983 claim based on false arrest or misuse of the criminal process is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense." *Dowling v. Philadelphia*, 855 F.2d 136, 141 (3d Cir.1988). Because Moore alleges no facts to indicate that

the Defendants lacked probable cause to obtain the warrants, Moore's § 1983 claims against them are not plausible.

### IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss Moore's Complaint.  The claim involving Defendant Miller's failure to respond to Moore's request to staff will be dismissed with prejudice since any attempt to amend that claim would be futile.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-113 (3d Cir. 2002) (leave to amend need not be granted when amendment would be futile).  However, Moore will be granted an opportunity to file an amended complaint concerning his other allegations if he is capable of stating plausible claims against the named Defendants.  An appropriate order follows.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.