IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDELL MOORE, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 23-1900 |
| | : | |
| v. | : | |
| | : | |
| KYLE RUSSELL, Warden; ROBERT | : | |
| MCFADDEN, Deputy Warden of Security; | : | |
| DAKOTA MARTIN, Allentown Police | : | |
| Dept; and MERVEILLE MVINDU, | : | |
| Allentown Police Dept., | : | |
| | : | |
| Defendants. | : | |

**<u>MEMORANDUM OPINION</u>**

Smith, J.                                                                                            August 25, 2023

The *pro se* plaintiff, who is proceeding *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983 in which he claimed that he was wrongfully incarcerated in a county jail in May 2023 for violating a Protection From Abuse order. He sued two police officers who obtained warrants for his arrest for the violation, two counselors in the county jail who allegedly ignored his complaints of wrongful incarceration, and the county jail's warden and deputy warden. The court screened the complaint pursuant to 28 U.S.C. § 1915(e)(2), and dismissed it in its entirety because the plaintiff failed to (1) assert a plausible claim against either counselor, (2) allege facts showing that the arrest warrants were not supported by probable cause, and (3) allege facts showing how the warden and deputy warden were personally involved in any possible constitutional violation. Among the dismissals, the court dismissed without prejudice all claims against the defendants except for the plaintiff's claim against one of the counselors, which was dismissed with prejudice. The court granted the plaintiff leave to amend should he be able to correct the deficiencies the court identified regarding the claims the court dismissed without prejudice.

Currently before the court is the plaintiff's amended complaint, and he has wholly failed to address any of the deficiencies the court identified with his original complaint. In fact, he has included less factual allegations in his amended complaint than he included in his original complaint. He also added an apparent demand for declaratory relief in the nature of a request that the court find the defendants guilty for incarcerating him without probable cause. Such a claim for declaratory relief is improper because it only seeks to adjudicate past conduct.

Because the plaintiff's request for declaratory relief is improper, and as he has failed to cure any of the deficiencies the court identified with the original complaint, the court will again dismiss the amended complaint. On this occasion, however, this dismissal will be with prejudice as the court finds that any attempt for further amendment would be futile.

## I.    ALLEGATIONS AND PROCEDURAL HISTORY

The *pro se* plaintiff, Lindell Moore ("Moore"), commenced this action by filing an application for leave to proceed *in forma pauperis* ("IFP Application") and complaint on May 17, 2023. *See* Doc. Nos. 1, 2. Unfortunately, Moore did not sign the IFP Application as required by Federal Rule of Civil Procedure 11, so the court entered an order on May 25, 2023, requiring Moore to complete, sign, and return an affidavit in which he attests to the information in the IFP Application within 30 days. *See* Doc. No. 4. Moore complied with the court's order by completing, signing, and returning the affidavit the following day. *See* Doc. No. 5. On the same date, Moore filed 3 exhibits presumably in support of his complaint. *See* Doc. No. 6.

Regarding the complaint, Moore named as defendants (in their official capacities): (1) The warden of the Lehigh County Jail ("LCJ"), Kyle Russell ("Warden Russell"); (2) LCJ's deputy warden, Robert McFadden ("Deputy Warden McFadden"); (3) LCJ treatment counselor, Steve Miller ("Miller"); (4) City of Allentown police officer Merveille Mvindu ("Officer Mvindu"); (5)

an LCJ counselor, "Counselor Jose"; and (6) City of Allentown police officer, Dakota Martin ("Officer Martin").[1] *See* Compl. at 1–3. Moore alleged that on January 31, 2023, Officer Mvindu had obtained a warrant for his arrest for violating a Protection From Abuse ("PFA") order. *See id.* at 4. The following day, Officer Martin secured the same warrant. *See id.* Thereafter, a non-defendant officer attempted to arrest Moore by going to 424 Tilghman Street in Allentown, but apparently could not arrest him there. *See id.* Ultimately, Moore was arrested on the warrant while he was attending a trial in the Lehigh County Courthouse on May 4, 2023. *See id.*

After his arrest, Moore was transported to the Lehigh County Jail and processed. *See id.* On May 8, 2023, Moore sent a request to his block counselor, Counselor Jose, to inform him that he was being held illegally and to request his immediate release. *See id.* and Doc. No. 6, Ex. C, Lehigh County Department of Corrections Inmate's Request to Staff. Later that day, Counselor Jose responded to Moore's request by stating that he was "being held on two counts of PFA violations. I have attached a copy of each violation along w[ith] a copy of the Court Order. The PFA does not expire until 8/21/23. There are two minors listed on the PFA order. Their initials are (T.M.) & (P.M.)." Doc. No. 6, Ex. C.

Moore averred that on May 9, 2023, he sent a communication to Miller, who never responded to him. *See id.* The following day, Moore's wife delivered documents to prove Moore's innocence to Counselor Jose, but it "fell on deaf ears." *Id.* Moore claims that on May 11, 2023, he was released from custody following a dismissal. *See id.*

Based on these allegations, Moore asserted a claim under 42 U.S.C. § 1983 for a violation of his Eighth Amendment right to be free of cruel and unusual punishment. *See id.* at 3. For relief, Moore sought damages in the amount of $1,000 per day from January 31, 2023, to May 11, 2023,

[1] Moore included Counselor Jose and Officer Martin in the caption of the complaint, but did not list them as defendants in the body of the complaint. *See* Compl. at 1–3, Doc. No. 2.

and compensatory damages for lost wages, lost housing, harassment, and emotional distress. *See id.* at 5.

After screening the complaint and IFP Application, this court entered a memorandum opinion and order on August 7, 2023, which, *inter alia*, granted the IFP Application and dismissed the complaint in part with prejudice and in part without prejudice. *See* Aug. 7, 2023 Mem. Op. at 6, Doc. No. 8; Aug. 7, 2023 Order at 1, Doc. No. 9. Concerning the dismissals, the court dismissed any claim against Miller with prejudice because Moore failed to state a plausible section 1983 claim against Miller based on his alleged failure to respond to Moore's communication. *See* Mem. Op. at 4–5. As for the claims the court dismissed without prejudice, the court dismissed Moore's claims against (1) Warden Russell and Deputy Warden McFadden because Moore had failed to include any factual allegations about their personal involvement in his alleged constitutional violation, (2) Counselor Jose because Moore failed to plausibly allege a constitutional claim based on Counselor Jose providing him with information that may have negatively affected him, (3) Officers Mvindu and Martin because Moore failed to explain how their actions in obtaining the warrants violated his constitutional rights. *See id.* at 5–6. The court provided Moore with leave for 30 days should he desire to file an amended complaint relating to those claims the court dismissed without prejudice. *See* Aug. 7, 2023 Order at 2.

Moore has now timely filed an amended complaint in which he names Warden Russell, Deputy Warden McFadden, and Officers Mvindu and Martin as defendants.[2] *See* Am. Compl. at

---

[2] In drafting the amended complaint, Moore once again checked the boxes on the form he used indicating that he seeks to name the defendants in their official capacities only. *See* Am. Comp. at 2–3. Moore appears to not have understood the implication of checking the official capacity boxes. Claims against municipal employees, such as the named defendants, who are named in their official capacities, are indistinguishable from claims against the governmental entity that employees them, here, Lehigh County and the City of Allentown. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978))). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* Because Moore does not attempt to allege an official capacity claim, *see Monell*, 436 U.S. at 694 (holding that, to state claim

1, Doc. No. 10. Although Moore failed to name Counselor Jose in the caption of the amended complaint, he did mention him in the body of the amended complaint. *See id.* at 4. As such, the court will screen Moore's allegations against Counselor Jose to determine whether he has alleged a plausible claim for relief.

Unfortunately, Moore has included even less factual allegations in his amended complaint than he had in his original complaint**.** Once again, Moore alleges that Officers Mvindu and Martin obtained warrants for his arrest and that a non-defendant officer (this time noted to be a member of the City of Allentown Police Department) unsuccessfully attempted to serve a warrant on him.[3] *See id.* Moore avers that he was arrested on May 4, 2023, while he was attending a custody hearing. *See id.* The following day, Moore first informed Counselor Jose about his illegal incarceration and, thereafter, repeated his assertion of innocence daily. *See id.*

On May 9, 2023, Moore's wife delivered a document to Counselor Jose that showed Moore's innocence. *See id.* However, it was not until he was in front of Lehigh County Judge "McKinley,"[4] who had issued the PFA at issue 4 years ago, that the charges against him were dismissed apparently because his children were never parties to any PFAs. *See id.*

Due to his allegedly unlawful incarceration, and despite the lack of any physical injuries, Moore asserts that he was evicted from his residence due to the police harassment, he lost his

---

for municipal liability, section 1983 plaintiff must allege that defendant's policies or customs caused alleged constitutional violation), the court will liberally construe the amended complaint to assert a claim against the defendants in their individual capacities. *See Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 310 (3d Cir. 2020) ("To determine whether a plaintiff sued state officials in their official capacity, we first look to the complaints and the course of proceedings." (quotations omitted)); *Coward v. City of Philadelphia*, Civ. A. No. 21-1619, 2021 WL 4169422, at *3 (E.D. Pa. Sept. 13, 2021) (permitting claim against defendant in his individual capacity to proceed even though "[plaintiff] did not check the box indicating a desire to sue [that defendant] in his individual capacity" where allegations clearly sought relief based on defendant's conduct).

[3] While unclear, Moore now appears to allege that either the warrants were obtained, or the attempted service of the warrant occurred, "on or about 12/2023; approximately 11:00 a.m." Am. Compl. at 4. Since the calendar has not yet reached December 2023, the court has liberally construed this allegation to reference December 2022.

[4] The court understands Moore to be referencing the Honorable Carol K. McGinley of the Lehigh County Court of Common Pleas.

employment at Daybreak Community Center in Allentown, and the services he had been receiving for his "mental disabilities" were terminated. *See id.* at 5. Moore asks that the court find all named defendants guilty of illegally detaining him without probable cause insofar as there was no PFA order with his children listed as parties. *See id.* at 6. In addition, he once again asks for damages in the nature of $1,000 per day, but he has changed the applicable period from December 22, 2022, to May 11, 2023, when Judge McGinley dismissed the PFA violation asserted against him . *See id.*

## II.   DISCUSSION

### A.   Standard of Review – Screening of Amended Complaint Under 28 U.S.C. § 1915(e)(2)

Because the court already granted Moore leave to proceed *in forma pauperis*, the court must engage in the second part of the two-part analysis and examine whether the amended complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . **(B)** the action or appeal—**(i)** is frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or **(iii)** seeks monetary relief against a defendant who is immune from such relief"). An amended complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke*, 490 U.S. at 325, and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch*, 67 F.3d at 1085.

As for whether an amended complaint is malicious,

[a] court that considers whether an action is malicious must, in accordance with the definition of the term "malicious," engage in a subjective inquiry into the litigant's

motivations at the time of the filing of the lawsuit to determine whether the action
is an attempt to vex, injure or harass the defendant.

*Id.* at 1086. "[A] district court may dismiss a[n amended] complaint as malicious if it is plainly

abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki*

*v. CBS Sports*, Civ. No. 11-841, 2012 WL 125281, at \*1 (D. Del. Jan. 13, 2012).

Concerning the analysis under section 1915(e)(2)(B)(ii), the standard for dismissing an

amended complaint for failure to state a claim pursuant to this subsection is identical to the legal

standard used when ruling on motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).

*See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard

to dismissal for failure to state claim under section 1915(e)(2)(B)). Thus, to survive dismissal, "a[n

amended] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be

enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation

omitted).

In addressing whether a *pro se* plaintiff's amended complaint fails to state a claim, the

court must liberally construe the allegations set forth in the amended complaint. *See Shorter v.*

*United States*, 12 F.4th 366, 374 (3d Cir. 2021) ("At this early stage of the litigation, we accept

the facts alleged [in the *pro se*] complaint as true, draw all reasonable inferences in [the *pro se*

plaintiff's] favor, and ask only whether that complaint, liberally construed, . . . contains facts

sufficient to state a plausible . . . claim." (citation, internal quotation marks, and all original

alterations omitted)); *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) ("We construe Vogt's pro se

filings liberally. This means we remain flexible, especially 'when dealing with imprisoned pro se

litigants' like Vogt." (internal citations omitted) (quoting *Mala v. Crown Bay Marina, Inc.*, 704

7

F.3d 239, 244–45 (3d Cir. 2013))); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339–40 (3d Cir. 2011) (explaining that "when presented with a *pro se* litigant, we have a special obligation to construe his complaint liberally" (citation and internal quotation marks omitted)). Yet, conclusory allegations will not suffice. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting *Twombly*, 550 U.S. at 555)).

Additionally, when construing a *pro se* plaintiff's amended complaint, the court will "'apply the relevant legal principle even when the complaint has failed to name it.'" *Vogt*, 8 F.4th at 185 (quoting *Mala*, 704 F.3d at 244). However, *pro se* litigants "'cannot flout procedural rules— they must abide by the same rules that apply to all other litigants.'" *Id.* (quoting *Mala*, 704 F.3d at 245).

## B.   Analysis

As with his original complaint, Moore is seeking relief in his amended complaint for alleged constitutional violations pursuant to 42 U.S.C. § 1983. Section 1983 provides in pertinent part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. When attempting to establish a claim under section 1983, a plaintiff must allege and prove that a "person" deprived the plaintiff of a constitutional right while acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 49 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state

law."). In addition, the plaintiff must allege the personal involvement of each defendant in the alleged constitutional violation. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998); *see also Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)). "Although a court can infer that a defendant had contemporaneous knowledge of wrongful conduct from the circumstances surrounding a case, the knowledge must be actual, not constructive." *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (citing *Baker v. Monroe Twp.*, 50 F.3d 1186, 1194 (3d Cir. 1995); *Rode*, 845 F.2d at 1201 n.6).

The court will now address Moore's claims in turn.

### 1.      Request for Declaratory Relief

The court understands Moore to be demanding declaratory relief in the nature of the court finding all defendants "guilty of illegally detaining [him] without probable cause" because no PFA existed naming his children as parties.[5] *See* Am. Compl. at 5. This type of requested declaratory relief is unavailable to Moore because a "[d]eclaratory judgment is inappropriate solely to adjudicate past conduct," and is also not "meant simply to proclaim that one party is liable to another." *Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (per curiam); *see also Taggart v. Saltz*, 855 F. App'x 812, 815 (3d Cir. 2021) (per curiam) ("A declaratory judgment is available to define the legal rights of parties, not to adjudicate past conduct where there is no threat of continuing harm." (citing *Waller v. Hanlon*, 922 F.3d 590, 603 (5th Cir. 2019))). Because Moore's request for a declaration only seeks to adjudicate past conduct, the court will dismiss with prejudice his request for declaratory relief.

---

[5] To the extent that Moore's request can be interpreted as seeking to have the defendants arrested and charged with crimes, it is not a plausible claim for relief because "[a] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

**2.      Claims Against Warden Russell and Deputy Warden McFadden**

Similar to the original complaint, despite naming Warden Russell and Deputy Warden McFadden as defendants, Moore has failed to state any factual allegations pertaining to them and how they were personally involved in the violation of his constitutional rights in his amended complaint. Since Moore has again failed to explain Warden Russell and Deputy Warden McFadden's involvement in any alleged constitutional violation, the court must dismiss his claims against them. *See Rode*, 845 F.2d at 1207 (requiring defendant's personal involvement for plausible section 1983 claim).

**3.      Claims Against Counselor Jose**

Moore's allegations against Counselor Jose relate to Counselor Jose ignoring Moore's daily complaints about his illegal detention, and his failure to act once Moore's wife delivered a document to him showing that Moore was innocent. *See* Am. Compl. at 4. The court previously determined that these allegations failed to state a plausible constitutional claim. *See* Aug. 7, 2023 Mem. Op. at 5. Specifically, these allegations are insufficient to plausibly show that Counselor Jose was personally responsible for Moore being illegally detained at LCJ. *See id.* Because Moore has failed to cure the defect in this claim that the court identified in the prior memorandum opinion, the court must again dismiss it for the failure to state a claim.

**4.      Claims Against Officers Mvindu and Martin**

Once again, Moore's claims against Officers Mvindu and Martin relate to them obtaining warrants for his arrest. *See* Am. Compl. at 4. In the prior memorandum opinion, the court dismissed Moore's claims against Officers Mvindu and Martin because Moore failed to allege any facts to show that they lacked probable cause to believe that he had committed an offense when they obtained the arrest warrants. *See* Aug. 7, 2023 Mem. Op. at 5–6 (citing *Dowling v. Philadelphia*,

855 F.2d 136, 141 (3d Cir. 1988) ("The proper inquiry in a section 1983 claim based on false arrest or misuse of the criminal process is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense."). Because Moore has also failed to cure this defect in his amended complaint, the court will dismiss his claims against Officers Mvindu and Martin.

### III.   CONCLUSION

For the reasons set forth above, the court will dismiss Moore's amended complaint. As the court already gave Moore an opportunity to cure the defects in his claims, and he has wholly failed to do so in his amended complaint, the curt concludes that further amendment would be futile. Accordingly, the court will dismiss the amended complaint with prejudice. *See Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) (stating general rule that court should grant leave to amend unless doing so would be futile); *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007) ("[I]n civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile."); *see also Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story").

The court will enter a separate order.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.